UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES T. LAWSON | : |
| | : |
| v. | :  C.A. No. 13-140S |
| | : |
| STATE OF RHODE ISLAND | : |
| Department of Attorney General | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      On September 24, 2013, Petitioner James T. Lawson filed a "Notice of Removal of Criminal Case" pursuant to 28 U.S.C. § 1455. Petitioner was convicted by a jury in the Rhode Island Superior Court of a misdemeanor (failure to pay wages) on September 19, 2013 and he is scheduled for sentencing on October 22, 2013. <u>See</u> <u>State v. Lawson</u>, P3-2012-1102A. He seeks to remove that pending state prosecution to this Court.

      Pursuant to 28 U.S.C. § 1455(b)(4), this Court is obligated to promptly examine the Notice of Removal, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." To assist in the Court's review, the State was ordered to respond to the Notice of Removal which it did on October 4, 2013 in the form of a Request for Summary Remand. (Document No. 4). Petitioner filed a "Memorandum in Objection" to Remand on October 7, 2013. (Document No. 5).

      After conducting legal research and reviewing the Notice of Removal and Appended Exhibits, the State's Response, Petitioner's Objection to Remand, and the public dockets for the Chapter 13 bankruptcy Petition filed by Petitioner (<u>In re Lawson</u>, Bk No. 11-11104) and the Chapter 7 bankruptcy Petition filed by Arthur R. Crowley (<u>In re Crowley</u>, Bk No. 11-10915), I recommend

that the District Court enter an Order for Summary Remand of this criminal prosecution back to Rhode Island Superior Court for the following reasons.

First, the attempted removal is untimely. Section 1455(b)(1), 28 U.S.C., requires that a notice of removal of a criminal prosecution be "filed not later than 30 days after the arraignment in the state court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant...leave to file the notice at a later time." Here, Petitioner was initially arraigned in State District Court on July 26, 2011 and his trial concluded on September 19, 2013. Therefore, Petitioner's September 24, 2013 Notice is plainly time barred. Further, Petitioner has neither requested leave to make a late filing nor shown any good cause for the Court to grant such leave. The timing of Petitioner's attempted removal reasonably appears to be a last-ditch attempt to avert the consequences of the jury's guilty verdict.

Second, even if Petitioner's attempted removal was timely, it is not legally supported. The underlying criminal prosecution arises out of a wage dispute between Petitioner and Mr. Crowley. Although Petitioner's pro se submissions are far from clear, he appears to contend that the state criminal prosecution was barred by certain proceedings and determinations made in his and/or Crowley's federal bankruptcy cases. For instance, Petitioner argues that his bankruptcy filing barred the subsequent criminal prosecution by way of the automatic stay provision (11 U.S.C. § 362) of the U.S. Bankruptcy Code. In support of that argument, Petitioner relies on Hucke v. State of Oregon, 992 F.2d 950, 953 (9th Cir. 1993). However, Hucke is not good law because it was subsequently overruled by the Ninth Circuit in In re Gruntz, 202 F.3d 1074, 1085-1087 (9th Cir. 2000) (en banc), which held that the automatic stay provision does not enjoin state criminal prosecutions, even if the underlying purpose of the prosecution is debt collection such as prosecution for failure to pay child

support. In fact, the automatic stay provision itself provides that it "does not operate as a stay...of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Moreover, in this Circuit, the Bankruptcy Appellate Panel has clearly held that "a criminal proceeding is not subject to the automatic stay, even where it relates to debt collection or where the debtor alleges that the state is proceeding in bad faith." In re Bartel, 404 B.R. 584, 590 (1st Cir. B.A.P. 2009). Finally, even if the automatic stay applied, Petitioner was tried and convicted in state court well after his bankruptcy case was closed without a discharge on or about October 20, 2011 so the stay would not have been implicated in any event.

Petitioner also contends that his prosecution for failure to pay wages was barred by certain determinations made by the Bankruptcy Court. In particular, he appears to contend that a June 30, 2011 ruling of the Bankruptcy Court in his bankruptcy case (In re Lawson, BK No. 11-11104) sustaining his Objection to Mr. Crowley's proof of claim precludes the State's prosecution since it involved the same disputed wages. On April 13, 2011, Petitioner filed an Objection to Mr. Crowley's proof of claim denying that any funds were owed. Mr. Crowley responded on April 28, 2011 and relied, in part, on an administrative decision of the Rhode Island Department of Labor and Training, Division of Labor Standards which concluded that LGS Group, LLC[1] owed him unpaid gross wages in the amount of $29,551.00. Petitioner's Objection was heard by the Bankruptcy Court on June 30, 2011 and it was sustained. Mr. Crowley did not appear for the hearing. At the hearing, Petitioner's bankruptcy attorney argued that the wage claim against his client was objectionable because Mr. Crowley never worked for Petitioner but rather worked for two LLCs – LGS Group and LGS Consulting. Although the Bankruptcy Court sustained the unopposed Objection to Mr.

---

[1] Mr. Lawson has identified himself as the managing member of LGS Group, LLC in other filings with this Court. See Lawson v. Law Offices of Shawn Whittaker, PC, C.A. No. 10-326ML (D.R.I.).

Crowley's wage claim, it did not make any factual findings as to Mr. Lawson's relationship to either LGS Group or LGS Consulting, or any legal determination as to Mr. Lawson's personal liability for nonpayment of wages pursuant to the Rhode Island Payment of Wages Act under which Mr. Lawson was later prosecuted by the State.  The Payment of Wages Act broadly defines an "employer" as "any individual, firm, partnership, association, joint stock company, trust, corporation, receiver, or other like officer appointed by a court of this state, <u>and any agent or officer of any of the previously mentioned classes</u>, employing any person in this state." R.I. Gen. Laws § 28-14-1(3) (emphasis added).  Since the Bankruptcy Court never specifically ruled on Petitioner's liability, criminally or otherwise, under Rhode Island's Payment of Wages Act (R.I. Gen. Laws § 28-14-1, <u>et seq.</u>), the premise of Petitioner's preclusion argument is fatally flawed.  In addition, even assuming the Bankruptcy Court dealt directly with the issue, Petitioner has provided no authority for the conclusion that a state criminal court would be bound by a federal bankruptcy court's interpretation of state criminal law, or that this Court has the power to enjoin or dismiss his pending state criminal charges.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (holding that the federal district court should abstain from exercising its jurisdiction where a petitioner who is defending criminal charges in ongoing state court proceedings seeks to have the federal court enjoin or interfere with such proceedings).

Third and finally, Petitioner claims that the underlying state criminal prosecution violated the Double Jeopardy clause of the Fifth Amendment to the United States Constitution and that the state court's grant of the prosecution's motion in limine prohibiting inquiry into Mr. Crowley's bankruptcy case violated his right to a fair trial.  Since Petitioner has not yet been sentenced on the conviction in Superior Court, he has not yet exhausted his appeal rights in state court and thus is

presently precluded from bringing these claims to federal court pursuant to the federal habeas corpus statute – 28 U.S.C. § 2254(b)(1). In addition, to the extent Petitioner is seeking to directly challenge or appeal state court rulings or judgments in federal court, such efforts are barred by the Rooker-Feldman doctrine which deprives federal district courts of jurisdiction over actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In other words, disgruntled state court litigants do not have a direct right of appeal to this Court.

For the foregoing reasons, I recommend that Petitioner's Notice of Removal of Criminal Case be summarily remanded to Rhode Island Superior Court pursuant to 28 U.S.C. § 1455(b)(4). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2013